IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER DON MARCOON, # 2015040333                                                 PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 3:15cv662-DPJ-FKB

RANKIN COUNTY CIRCUIT COURT, et al.                                 DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff Walter Don Marcoon challenges the conditions of his confinement, as well as his criminal proceedings. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Rankin County Circuit Court, Rankin County Jail, Court Clerk Rebecca Boyd, and Judge Kent McDaniel are dismissed. The remainder of this case shall proceed.

I.       Background

Marcoon is a pretrial detainee housed in the Rankin County Jail. Although he does not specify the criminal charge, Marcoon claims he was arrested around April 2015. Pl.'s 1st Resp. [12] at 9. Marcoon alleges that he has been held without an arraignment, assistance of counsel, a bond reduction, an initial appearance, or hearings. *Id.* Marcoon also accuses Circuit Court Clerk Rebecca Boyd of "not answering [his] repeated request . . . for legal materials," which he claims he needed in order to file motions in his criminal case for his defense and release. *Id.* at 2-3.

Besides Marcoon's criminal proceedings, he also complains about the conditions of his confinement. Marcoon alleges that Sheriff Bryan Bailey, jail administrators Lieutenant James Rutland and Amanda Thompson, and Rankin County are denying Marcoon access to legal

materials, court addresses, and notary services.  As a result, Marcoon "had to write [his] own bond reduction motion and statement suppression motion w[ith]out legal books to reference w/and [sic] [he] had to send in the bond motion w[ith]out notarization on [his] indigent application.  [His] motions were barely acceptable."  *Id.* at 7.  Marcoon also claims that he is subjected to a violent environment, excessively cold temperatures, unsanitary food, mail tampering, "dangerous molds," and overcrowding.  *Id.* at 1.  Marcoon contends that he has lost sixteen pounds while incarcerated, due to insufficient meals.  Finally, Marcoon maintains that he is denied x-rays and medications for his lower back, which are allegedly needed "due to previous surgery."  Pl.'s 2d Resp. [15] at 1.  This, Marcoon contends, has caused him "extreme back . . . and lower leg pain."  *Id.*  Finally, Marcoon alleges that he has been deprived of his Bibles, toiletries, and clothing that he bought from the jail commissary.

Marcoon brings this action pursuant to 42 U.S.C. § 1983, seeking damages against the Rankin County Circuit Court, Rankin County Jail, Boyd, Bailey, Rutland, Judge Kent McDaniel, Thompson, jail nurse Tonya Mangum, and Rankin County.  To the extent Marcoon seeks habeas relief in his state criminal proceedings, those claims were severed and opened in civil action number 3:15cv781-CWR-FKB, on October 29, 2015.

II.     Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Marcoon to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

        A.        Rankin County Circuit Court and Judge Kent McDaniel

Marcoon first claims that both the state court and state trial judge have denied him an initial appearance, an arraignment, assistance of counsel, bond reduction, and hearings. These complaints are about actions taken in the course and scope of Judge McDaniel's role as judge over Marcoon's criminal case.

A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit has announced a four-factor test to determine whether a judge acted

within the scope of his judicial capacity.  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515.  In applying the four factors to the facts alleged, it is clear that Judge McDaniel is absolutely immune from this lawsuit.  The decisions as to whether and when to conduct certain hearings and proceedings, whether to appoint counsel, and whether to reduce bail are clearly within the normal judicial functions which arose out of Judge McDaniel's official capacity.  Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers.  The controversy undisputedly centers around a criminal case pending before him.  Consequently, this Court finds that Marcoon cannot maintain an action pursuant to 42 U.S.C. § 1983 against the state court or Judge McDaniel.

   B.  Court Clerk Rebecca Boyd

Marcoon separately sues Circuit Court Clerk Rebecca Boyd, accusing her of refusing to rule on his motions, schedule hearings, and send him legal materials.

    1.  <u>Rulings and Hearings</u>

The Court first considers Marcoon's claims that Boyd refused to rule on his motions and schedule hearings.  "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'"  *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir 2001) (quoting *Tarter v. Hury*, 646 F.3d 1010, 1013 (5th Cir. 1981)).  For example, in *Clay v. Allen*, the Fifth Circuit Court of Appeals examined a claim

against a court clerk for excessive bail. 242 F.3d at 682. "Since the judge had used his discretion in setting the bail and [the clerk] merely followed the judge's wishes, [the clerk] derive[d] absolute immunity from the judicial function of the act." *Id.*

As discussed previously, whether and when to set hearings in Marcoon's criminal case was a normal judicial function that arose out of Judge McDaniel's official capacity. *See Lewis v. City of Waxahachie*, 503 F. App'x 249, 250 (5th Cir. Dec. 18, 2012); *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 623 (7th Cir. 2002). The same is true for the decision of whether to act on Marcoon's motions. *Jones v. Judge of the 129th*, 113 F. App'x 603, 604 (5th Cir. Oct. 20, 2004). Boyd is therefore entitled to quasi-judicial immunity for the lack of rulings and hearings in Marcoon's criminal case. *See In re: Castillo*, 297 F.3d 940, 951 (9th Cir. 2002); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Lewis v. City of Waxahachie*, 2011 U.S. Dist. LEXIS 152075, 3:10cv2578 at *11-12 (N.D. Tex. Dec. 21, 2011) (holding allegations "that certain motions were denied or were not set for a hearing" were insufficient to overcome clerk's quasi-judicial immunity).

### 2. Legal Materials

This leaves the allegation that Boyd failed to send Marcoon legal materials such as unspecified statutes, court rules, addresses, a dictionary, and "legal concordance." Pl.'s 1st Resp. [12] at 7. Marcoon claims he needs these materials in order to file pretrial motions in his criminal case. Without these, Marcoon contends that Boyd is denying him "any access to the court for the purpose of filing motions necessary in my defense and release from custody." Compl. [1] at 4.

As a court clerk in a Mississippi state court, Boyd "merely ha[s] a duty to file and docket

all papers filed in each court case." *Brooks v. George County, Miss.*, 84 F.3d 157, 168-69 (5th Cir. 1996) (finding circuit clerk was not liable for failing to provide a nolle prosequi order to a criminal defendant or his counsel, resulting in continued incarceration) (citing, Miss. Code Ann. § 9–7–171 (duty of circuit clerk to keep a "general docket"); Miss. Code Ann. § 9–7–175 (duty to keep a "criminal docket"); Miss. Code Ann. § 9–7–177 (duty to keep an "appearance docket")). If "no duty to act existed, the failure to act [does] not violate the constitution." *Id.* at 169. As Boyd did not have a legal duty to provide unspecified legal research to Marcoon, she cannot be held to have violated his constitutional rights by not answering his repeated requests for the materials. This claim against Boyd will be dismissed as frivolous, and this dismissal counts as a strike pursuant to § 1915(g).

   C. Rankin County Jail

Marcoon next sues the Rankin County Jail. Mississippi law determines whether Marcoon can sue the jail. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a county jail is not a separate legal entity which may be sued, rather it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009). Therefore, the jail is dismissed.

The Court notes that Marcoon has also named the County as a Defendant. Therefore, any allegations against the jail will be construed as allegations against the County.

III. <u>Conclusion</u>

The Rankin County Circuit Court and Judge McDaniel are entitled to judicial immunity. The Rankin County Jail is dismissed as a non-legal entity, not subject to suit. Boyd is entitled to quasi-judicial immunity to the extent that she is accused of refusing to rule or set hearings in

Marcoon's criminal case. The denial of access claim against her is frivolous, and Marcoon is accordingly assessed a strike pursuant to § 1915 (g). The case shall proceed against the remaining Defendants.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Rankin County Circuit Court and Kent McDaniel are **DISMISSED WITH PREJUDICE** pursuant to judicial immunity.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Rankin County Jail is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendant Rebecca Boyd are **DISMISSED WITH PREJUDICE** pursuant to quasi-judicial immunity and as frivolous. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2016.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE