IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER DON MARCOON, #069140**                                                              **PLAINTIFF**

**VS.**                                                                   **CAUSE NO. 3:15cv00662-DPJ-FKB**

**SHERIFF BRYAN BAILEY, LT. JAMES RUTLAND,**
**AMANDA THOMPSON, TONYA MANGUM AND**
**RANKIN COUNTY**                                                                           **DEFENDANTS**
_____

**ANSWER AND DEFENSES OF DEFENDANTS, SHERIFF BRYAN BAILEY,**
**LT. JAMES RUTLAND, AMANDA THOMPSON AND RANKIN COUNTY, MISSISSIPPI**
_____

**NOW COME** Defendants, Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi, by and through their undersigned counsel of record, and file this, their Answer and Defenses to Plaintiff's Complaint filed in the above styled and numbered cause, as follows:

**FIRST DEFENSE**

These Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

**SECOND DEFENSE**

These Defendants affirmatively assert and invoke all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq.*, specifically including §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17, as to Plaintiff's state law claims, if any. To the extent that Plaintiff's Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against these Defendants, Sheriff Bryan Bailey, Lt.

1

James Rutland, Amanda Thompson, and Rankin County, Mississippi move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

**THIRD DEFENSE**

These Defendants possess absolute, sovereign and/or qualified immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

These Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff, and are, therefore, not liable in damages.

**SIXTH DEFENSE**

These Defendants, at all times complained of herein acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of tortious conduct or omission. The actions taken by these Defendants, if any, were taken in good faith and in good faith reliance upon then existing law.

**SEVENTH DEFENSE**

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**EIGHTH DEFENSE**

These Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and are, therefore, not liable in damages.

**NINTH DEFENSE**

As a matter of law, the Plaintiff is not entitled to any relief from these Defendants.

**TENTH DEFENSE**

These Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains. To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

**ELEVENTH DEFENSE**

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which these Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

**TWELFTH DEFENSE**

The Plaintiff failed to exhaust his available administrative remedies prior to filing suit, and accordingly, his Complaint should be dismissed pursuant to the mandates of the Prison Litigation Reform Act.

**THIRTEENTH DEFENSE**

**NOW COME** Defendants Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi by and through counsel, and state that unless specifically admitted herein, these Defendants deny any and all allegations of the Complaint.

For answers to the allegations of the Complaint, Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi state:

1. The allegation in ¶ A of the section titled "General Information" is admitted.

2. The allegation in ¶ B of the section titled "General Information" is admitted.

3. The allegation in ¶ C of the section titled "General Information" is denied.

4. These Defendants are without specific information to admit or deny the allegation in ¶ D of the section titled "General Information", and accordingly, same is denied.

5. The allegation in ¶ E of the section titled "General Information" is admitted.

6. The allegation in ¶ F of the section titled "General Information" is denied upon information and belief.

7. The allegations in the paragraph entitled "Parties", to include subparagraphs I and II, are denied.

8. In response to the paragraph entitled "Other Lawsuits Filed by Plaintiff," and all subparts and subsections therein, these Defendants are without the sufficient information, belief and/or knowledge to admit or deny the allegations therein, and accordingly deny all allegations in the paragraph entitled "Other Lawsuits Filed by Plaintiff," and all subparts and subsections therein.

9. All allegations against these Defendants contained in the paragraph beginning with "Statement of the Claim," to include all handwritten material above, below or otherwise outside the bounds of the lined paragraph, are denied.

10. All allegations contained in the paragraph headed as "Relief" are denied. Further, these Defendants deny that Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief. Sheriff Bailey, Lt. Rutland Amanda Thompson, and Rankin County, Mississippi deny any and all liability.

11. To the extent that the allegations on the handwritten page 5 of 5 of Plaintiff's Complaint, beginning with the phrase "of the court…", do not pertain to these Defendants,

4

they are not required to admit or deny same. To the extent that the allegations on the handwritten page 5 of 5 of Plaintiff's Complaint, beginning with the phrase "of the court…" do pertain to these Defendants, same are denied. Except where otherwise specifically admitted, the allegations on page 5 of 5 of Plaintiff's Complaint are denied.

Having fully responded to Plaintiff's Complaint, Sheriff Bryan Bailey and Lt. James Rutland, to the extent required, deny any and all allegations against them contained in the following documents and/or pleadings, if any:

a. [#5] Response to [#4] Order, filed by Walter Don Marcoon;

b. [#12] Response to [#11] Order, filed by Walter Don Marcoon;

c. [#15] Response to [#14] Order, filed by Walter Don Marcoon;

d. [#17] Letter from Walter Don Marcoon;

e. [#18] Letter from Walter Don Marcoon;

f. [#26] Response to [#22] Order, filed by Walter Don Marcoon; and

g. [#33] Letter from Walter Don Marcoon.

## ADMINISTRATIVE REMEDIES PROGRAM

Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi specifically deny that Plaintiff has fully and properly complied with the Administrative Remedies Program and affirmatively assert the failure of Plaintiff to exhaust his administrative remedies as an affirmative bar to the maintenance of this civil suit. Failure to exhaust administrative remedies is a jurisdictional condition precedent to the institution or maintenance of this civil action. Without completion of the Administrative Remedies Program, Plaintiff cannot maintain the instant action and the same should be dismissed. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992, 452 L. Ed. 2d 12 (2002).

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's Complaint and subsequent pleadings, and having denied any and all liability herein, Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi set forth the following Special Affirmative Matters:

### FIRST AFFIRMATIVE DEFENSE

Sheriff Bailey, Lt. Rutland, Amanda Thompson, and Rankin County, Mississippi are entitled to qualified immunity and/or absolute immunity from suit and/or liability herein. These Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

At all times, these Defendants acted in good faith reliance upon then existent law and are, therefore, entitled to immunity or a special good faith defense.

### FOURTH AFFIRMATIVE DEFENSE

At all times complained of, these Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, without retaliatory motive, and are not guilty of wrongful or tortious conduct.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. These Defendants invoke and assert all rights, privileges and immunities

available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

### SIXTH AFFIRMATIVE DEFENSE

These Defendants are not guilty of conduct amounting to deliberate indifference to the rights of the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff's Complaint, with amendments, if any, purports to state a cause of action against these Defendants based upon any state law theory, these Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 et seq. by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint, with amendments, if any, seeks any award or assessment of punitive damages against these Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law. Additionally, Plaintiff's claim for punitive damages of, from or against these Defendants is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

**TENTH AFFIRMATIVE DEFENSE**

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of Rankin County, Mississippi and/or Sheriff Bailey. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants, in their official capacity, or to their employer.

**ELEVENTH AFFIRMATIVE DEFENSE**

These Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

**TWELFTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of these Defendants, if any, proximately caused any harm, loss or deprivation to Plaintiff. At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further,

these Defendants' conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiff suffered no injury and his allegations do not arise to the level of a constitutional tort.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Defendants complied with all applicable standards of care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, statute of limitations and waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the general three year statute of limitations of MISS. CODE ANN. § 15-1-49, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts," and/or the MTCA / MISS. CODE ANN. § 11-46-11.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions, or those of other persons for whom these Defendants are

neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against these Defendants, pursuant to FED. R. CIV. P. 8, and accordingly, his claims should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

These Defendants are entitled to sovereign immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11- 46-9.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These Defendants affirmatively assert and invoke all defenses and rights available unto them as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These Defendants hereby invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Sheriff Bryan Bailey, Lt. James Rutland, Amanda Thompson, and Rankin County, Mississippi request that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 20th day of June, 2016.

>**SHERIFF BRYAN BAILEY, LT. JAMES RUTLAND, AMANDA THOMPSON AND RANKIN COUNTY, MISSISSIPPI - DEFENDANTS**
>
>By: *Jason E. Dare*
>**JASON E. DARE**

**OF COUNSEL**

Jason E. Dare (MSB No. 100973) jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:   (601) 987-5300
Facsimile:    (601) 987-5353

**CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, and have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Walter Don Marcoon, #069140, pro se
MCDC
2935 Hwy 51
Canton, MS  39046

**THIS,** the 20th day of June, 2016.

/s/ Jason E. Dare
**JASON E. DARE**

61513487