IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER DON MARCOON                                                                              PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:15cv662-DPJ-FKB

SHERIFF BRYAN BAILEY, et al.                                                            DEFENDANTS

REPORT AND RECOMMENDATION

Walter Don Marcoon is a state inmate who was held as a pretrial detainee at the Rankin County Detention Center from April 22, 2015 until November 16, 2015. He filed this action pursuant to 42 U.S.C. § 1983 on September 11, 2015 against officials at the detention center alleging numerous unconstitutional conditions, including inadequate medical services, unsanitary food preparation, tampering with inmate mail, and denial of access to the courts.  Presently before the Court is the motion of Defendants for summary judgment [39] based upon failure to exhaust administrative remedies.  The undersigned recommends that the motion be denied.

In support of their motion, Defendants have submitted the affidavit of Lt. James Rutland [39-3], a lieutenant at the detention center.  In his affidavit, Lt. Rutland describes the inmate grievance system at the detention center and states that all inmates are informed of the system during orientation.  Additionally, television sets in the dorms continuously play slides with information and reminders, including information on the grievance procedure.  A copy of the document outlining the detention center's grievance procedure is attached to the affidavit.

The affidavit also contains the following statement:  "Plaintiff Marcoon submitted one (1) inmate grievance to the Rankin County Jail on November 10, 2015, a true and

correct copy of which is attached as Exhibit E." [39-3] at 2.  Exhibit E consists of a grievance dated November 10, 2015, and concerning denial of access to medical treatment.

Failure to exhaust is an affirmative defense, and thus Defendants have the burden of establishing beyond peradventure the essential elements of that defense.  *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).  The undersigned concludes that Defendants have failed to meet their burden. Lt. Rutland's affidavit, taken in the light most favorable to Marcoon, does not state unambiguously that the grievance attached as Exhibit E was the only one filed by Marcoon while he was at the detention center.  It may be that such was Lt. Rutland's intent.  But above-quoted sentence, as worded and punctuated, states only that on November 10, 2015, Marcoon filed one grievance; it leaves open the possibility that other grievances were filed on other dates.  For this reason, the undersigned concludes that Defendants' motion should be denied.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 31st day of October, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE