UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER DON MARCOON                                                                                PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:15CV662-DPJ-FKB

SHERIFF BRYAN BAILEY, ET AL.                                                                DEFENDANTS

ORDER

This § 1983 action is before the Court on the Report and Recommendations [45] of Magistrate Judge F. Keith Ball. Judge Ball recommended denying Defendants' Motion for Summary Judgment [39] based upon failure to exhaust administrative remedies.

Plaintiff Walter Don Marcoon alleged in his September 11, 2015 Complaint that Defendants failed to provide access to legal materials, including a notary public, and that

> conditions of confinement at RCJ are dangerous and negligent ripe with acts of inmate on inmate violence, staff on inmate violence, improper medical services restricted by cost to jail, improper treatment of inmates by keeping cells excessively cold, not allowed to use blankets during daylight hours, food service issues of vendors not wearing hairnets and gloves continually, and tampering with the mail.

Compl. [1] at 5. Defendants moved for summary judgment, pointing out that Marcoon "did not submit the first grievance to Rankin County until two (2) months **after** he filed his Complaint." Defs.' Mem. [40] at 6 (emphasis in original). Judge Ball recommended denying the motion, concluding that jail official Lt. James Rutland's affidavit did not unambiguously state that Plaintiff's November 10, 2015 grievance concerning denial of access to medical treatment "was the only one filed by Marcoon while he was at the detention center." R&R [45] at 2.

In response, Defendants filed an Objection [47], accompanied by a supplemental affidavit. In it, Lt. Rutland clarifies that the November 15, 2015 grievance "was the only

grievance submitted by Marcoon to the Rankin County Jail." Rutland Supp. Aff. [47-1] at 1. In addition, Defendants addressed Marcoon's claim that he attempted to obtain a grievance form from Lt. Rutland, but that Rutland did not respond. Marcoon Obj. [46]; *see also* Marcoon Answer to Obj. [51].[1] Specifically, Marcoon asserts:

> 2. I hearby solemnly swear that during the months of July and August of 2015 I tried on 3 sep[a]rate occasions to obtain a grievance form from Lt. James Rutland by written request as stipulated by Policy Number 12-3 of Policies and Procedures of the Rankin County Adult Detention Center <u>to no avail</u>. Lt. Rutland repeatedly ignored my written request and several verbal request [sic] I sent by detention officers on his staff.
> . . . .
>
> 4. I reported these grievances to Sheriff Bailey in writing. There are no middle steps to a grievance if you are not allowed to file one!

Marcoon Aff. [51-1] (emphasis in original).

Defendants submit that "the failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Snellgrove v. Lappin*, No. 5:10cv54-DCB-MTP, 2011 WL 1099906, at *6 (S.D. Miss. Jan. 4, 2011) (internal punctuation and citations omitted.). As explained by the Fifth Circuit Court of Appeals,

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

---

[1] Marcoon initially filed an Objection [46] to a now-withdrawn Report and Recommendations [44] granting Defendants' motion for summary judgment. After the new Report and Recommendations [45] was entered, Defendants objected [47], and Marcoon filed an Answer to Defendants' Objection [51]. The Court reviewed all filings.

*Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (emphasis omitted).

The Rankin County Adult Detention Center requires inmates to first request an Inmate Grievance Form by writing a letter requesting such from the Jail Administrator.  Procedures [39-3] at 3.  The inmate completes the form and turns it over to the Jail Administrator, who reviews the grievance, formulates a response, and provides the inmate a Grievance Hearing Report Form.  *Id.* at 3–4.  If dissatisfied, the inmate can appeal the decision to an Appeal Hearing Officer by submitting an appeal in writing to the Jail Administrator.  *Id.* at 4.   And if the inmate disagrees with the decision of the Appeal Hearing Officer, he may effect a final appeal directly to the Sheriff.  *Id.* at 4–5.

According to Defendants, "[t]here is no indication that Plaintiff attempted to complete the middle steps of the grievance procedure."  Defs.' Obj. [47] at 4.  But the "middle steps" involve appealing the decision of the Jail Administrator by submitting the appeal in writing to the Jail Administrator.  Procedures [39-3] at 4.  Here, there was no decision to appeal, and Marcoon alleges that his written submissions to the Jail Administrator were a dead end.  He further contends that he unsuccessfully attempted to take his grievance to the last step by writing Sheriff Bailey.  *See Wilson*, 776 F.3d at 301.

Construing the evidence in the light most favorable to Plaintiff, as the Court must do at this stage, the Court finds that summary judgment is inappropriate.  The Report and Recommendations [45] is adopted; Defendants' motion [39] is denied without prejudice.

 Judge Ball is directed to set the matter for an Omnibus Hearing.  *See* Nov. 28, 2016 Text Order (continuing Omnibus Hearing pending a ruling on the motion for summary judgment).

Because this denial is without prejudice, Defendants are not precluded from moving for summary judgment in the future, if appropriate.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2017.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE