# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**WALTER DON MARCOON, #069140**                                    **PLAINTIFF**

**v.**                                                  **CAUSE NO. 3:15cv662-FKB**

**LT. JAMES RUTLAND**                                              **DEFENDANT**

_____

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT
_____

**NOW COMES** Defendant, Lt. James Rutland, by and through his undersigned counsel of record, and in support of his Motion for Summary Judgment, states as follows:

I.       **INTRODUCTION AND STATEMENT OF FACT.**

Plaintiff's Complaint was filed with this Court on September 11, 2015, in which Plaintiff alleges Rutland interfered with his ability to obtain legal materials needed for his criminal case.[1]  The claim against Rutland is brought pursuant to the procedural vehicle of 42 U.S.C. § 1983 and the Prison Litigation Reform Act ("PLRA"), and Plaintiff specifically states as follows with regards to the claim:

> My access to legal materials the jail states I am entitled to such as Mississippi Code and statutes and court proceedures (sic) and addresses have been continuely (sic) denied along with request for notary services which are necessary for certain court filings also denied.  Lt. James Rutland and his staff recently cancelled access to legal materials by mail that have been downloaded from internet websites for defense purposes which is a violation of the freedom of Information Act and freedom of the press, speech and receipt of such.  This system is bias and prejudiced toward an indigent defendant that cannot hire an attorney nor post bail and results in an abnormally high conviction rate.

---

[1] Plaintiff alleged additional claims against Rutland as well as separate federal claims against Rankin County, Mississippi, Sheriff Bryan Bailey, and Amanda Thompson, all of which were dismissed in this Court's [62] Omnibus Order at the request of Plaintiff.

[1] *Complaint* (Exhibit 1), pg. 5 of 5.

Plaintiff was indicted on four counts of false pretenses on November 2, 2015, with the indictment entered in *State of Mississippi v. Don Walter Marcoon, Jr.* before the Circuit Court of Rankin County, Mississippi and bearing cause number 27,113. *See Criminal Docket and Pleadings* (Exhibit 2). He thereafter was assigned a Public Defender, Brad Mills, Esq., on November 30, 2015, who represented Plaintiff through his March 14, 2016 Petition to Enter Guilty Plea and March 18, 2016 Judgment of Conviction. *Id.* In the Judgment of Conviction, it was specifically found that Marcoon was represented by counsel and did "freely, voluntarily and intelligently" plead guilty to, and thus, was "found to be guilty of and [was] convicted for the crime(s) of **FALSE PRETENSES IN COUNTS I & II** as charged in the Indictment...." *Id.* (emphasis in original). Plaintiff was sentenced to "serve a term of **THREE (3)** year(s) in the custody of the Mississippi Department of Corrections", and was ordered to pay various court costs, fees, assessments, fine(s) and restitution. *Id.* (emphasis in original). The Judgment of Conviction was not appealed and has not been reversed, set aside or otherwise rendered unenforceable by a court of competent jurisdiction.

Because Rutland is entitled to qualified immunity from Plaintiff's claim against him and because Plaintiff's claim is barred by *Heck*, Rutland respectfully requests that this Court grant him summary judgment and dismiss the remaining claim against him with prejudice.

II.     **LEGAL PRECEDENT & ANALYSIS**

A.     **Standard of Review pursuant to Rule 56.**

FED R. CIV. P. 56 mandates the granting of summary judgment in favor of the moving party when he demonstrates there exists no genuine issue of material fact precluding the granting of judgment in his favor. FED. R. CIV. P. 56. When presented with a summary

judgment motion, the Court is to determine "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The moving party must demonstrate that summary judgment is justified; the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

Once the moving party makes his *prima facie* showing as to the absence of a genuine issue of a material fact, the opposing party cannot rest on the allegations of the pleadings, but must instead set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Mason*, 806 F.3d at 274-75 (quoting *Anderson*, 477 U.S. at 249) ("No genuine issue of disputed fact exists 'unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'"). The party opposing summary judgment must "not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

"Once defendants assert the qualified immunity defense, 'the plaintiff bears the burden of negating qualified immunity … but all inferences are drawn in his favor." *Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015) (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). To do this, Marcoon is required to produce competent summary judgment evidence in opposition to Defendant's motions for summary judgment premised on

immunity. *Melvin v. Karman*, 550 F. App'x 218, 220 (5th Cir. 2013) (citing *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013)).

B.    **Rutland is entitled to qualified immunity**.

Qualified immunity protects Rutland from Plaintiff's § 1983 claim "insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); *Cantu v. Rocha*, 77 F.3d 795, 805-06 (5th Cir. 1996). "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal …", or, put another way, it "protects all public officers from individual liability except those 'who are plainly incompetent or who knowingly violate the law.'" *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)); *Malley v. Briggs*, 475 U.S. 335, 340, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986); *Hodorowski v. Ray*, 844 F.2d 1210, 1216 (5th Cir. 1988).

Once qualified immunity has been properly asserted by an individual defendant, the "plaintiff [then] has the burden to negate the assertion…." *King*, 821 F.3d at 653 (quoting *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)). In order to prove that qualified immunity is inapplicable to an individual defendant, the plaintiff "must prove" that the individual defendant "[(1)] violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* (quoting *Morgan*, 659 F.3d at 371). The Court must also analyze whether the conduct of the government official was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. "A defendant's acts are objectively reasonable unless all reasonable

officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights." *Velasquez v. Audirsch*, 574 F. App'x 476, 479 (5th Cir. 2014) (citing *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001)).

This Court is to "apply a two-step test, now discretionary, to determine whether government officials are entitled to qualified immunity." *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009)). "First, the plaintiff must show that he suffered a constitutional violation, and then we must determine whether the action causing the violation was objectively unreasonable in light of clearly established law at the time of the conduct." *Lacy*, 357 F. App'x at 609 (citing *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)). In its analysis of a dispositive motion premised on qualified immunity, the Court should consider "only the facts that were knowable to the defendant officers." *White*, 2017 WL 69170, at *2 (citing *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2474, 192 L. Ed. 2d 416 (2015)).

Rutland can only be found individually liable under 42 U.S.C. § 1983 on the basis of his own personal participation in the wrongful conduct, or to the extent Plaintiff attempts to hold him liable as a supervisor, where there is a causal connection between the supervisor's acts and the alleged constitutional violation. *Gilmer v. Trowbridge*, No. 3:08cv136TSL-JCS, 2009 WL 649692, at *7 (S.D. Miss. Mar. 10, 2009) (citing *Hinshaw v. Doffer*, 785 F.3d 1260, 1263 (5th Cir. 1986). This Defendant cannot be held vicariously liable under § 1983 for the acts of their subordinates because, in a § 1983 case, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *White v. McMillin*, No. 3:09cv120-DPJ-FKB, 2010 WL 2683033, at *4 (S.D. Miss. July 2, 2010) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). "For liability to exist 'under § 1983 there must be

some connection between the [supervising officer's] action and the alleged constitutional violation.'" *Id.* (quoting *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996); citing *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986)). Any alleged conduct against the supervisory officials "must be based on more than the right to control employees, or simple awareness of employees' misconduct. *Laneri v. King*, No. 1:14cv234-LG-RHW, 2015 WL 5943013, at *3 (S.D. Miss. Oct. 13, 2015) (citing *Leary v. Daeschner,* 349 F.2d 888, 903 (6th Cir. 2003)).

Plaintiff never alleged in either his [1] Complaint or [46] Objection that this Defendant personally denied him access to the law library or that Rutland personally opened his mail, but instead alleges that these actions were done through "his staff." [1] *Complaint.* To the extent that Plaintiff has not even alleged personal participation by Rutland, the claims against this Defendant would be without merit and this Defendant would be entitled to summary judgment as to Plaintiff's claim against him.

In addition, Plaintiff's constitutional rights were not violated by anyone at the Rankin County Jail, including Rutland. *See Graham v. Hodge*, 619 F. App'x 394, 395 (5th Cir. 2015) (citing *Kitchen v. Dallas County, Tex.,* 759 F.3d 468, 483 (5th Cir. 2014)) ("A failure to train action [similar to all § 1983 actions] requires an underlying constitutional violation.").

"[P]risoners have a fundamental constitutional right to 'adequate, effective, and meaningful' access to the courts." *Guillory v. Hodge*, No. 2:14cv157-MTP, 2016 WL 1175282, at *4 (S.D. Miss. Mar. 23, 2016) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). "Before an inmate may prevail on his claim, however, he must demonstrate that he suffered 'actual prejudice,' i.e. that the denial of access 'hindered his efforts to pursue a legal claim.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) ("without proving actual injury, the plaintiff cannot prevail on an access-to-

courts claim"); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) ("holding that a civil rights claim cannot be based on 'minor and short-lived impediments to access' in the absence of actual prejudice")). "It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude." *Conner v. Lowndes County Adult Det. Ctr.*, No. 1:15cv5-GHD-JMV, 2015 WL 4774151, at *1 (N.D. Miss. Aug. 13, 2015) (citing *Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir. 1993)). To state a claim for denial of access to courts, Marcoon "must show real detriment - a true denial of access - such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding." *Id.* (citing *Oaks v. Wainwright,* 430 F.2d 241 (5th Cir. 1970)).

While "[p]risoners have a constitutional right to access the courts", they do not have a *per se* "right to a law library or legal assistance." *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (citing *Bounds v. Smith,* 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)); *Lewis v. Casey,* 518 U.S. 343, 350, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). Instead, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Lewis,* 518 U.S. at 351; *Bounds,* 430 U.S. at 825). The *Mendoza* Court went on to hold as follows:

> Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Id.*

Plaintiff alleges that he was denied access to the law library at the Rankin County Jail, but admitted at the Omnibus Hearing that he had legal counsel during his criminal proceeding. On the advice of his legal counsel, Plaintiff pleading guilty to two (2) counts of false pretenses in violation of MISS. CODE ANN. § 97-19-55. Plaintiff has also been able to file and maintain the instant cause of action against Rutland through today's date despite allegedly not having access to the Rankin County Jail law library during his incarceration at that detention facility. Plaintiff has not alleged and cannot show an actual injury in support of his Fourteenth Amendment denial of access to the law library claim, and accordingly, cannot state a claim that his Fourteenth Amendment rights were violated in this regard.

Additionally, Plaintiff has not met his burden to show, nor has he even alleged, that Rutland's actions were objectively unreasonable in light of clearly established law at the time of the conduct. For these reasons, Rutland respectfully requests that this Court grant his Motion for Summary Judgment and dismiss Plaintiff's access to the law library claim against him.

### C.     **Plaintiff's claim is barred by *Heck*.**

Plaintiff pleaded guilty to two (2) counts of false pretenses, which were the charges pending against him while incarcerated in the Rankin County Jail. Therefore, any due process claim related to the charge, guilty plea and conviction would be subject to and barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny. If the maintenance of a civil rights action pursuant to 42 U.S.C. § 1983 would necessarily imply the invalidity of a plaintiff's related criminal conviction, plea, or criminal sentence from which the civil rights claim would purportedly arise, the civil claim is barred

by *Heck*. *See Cougle v. County of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008) ("Cougle has not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by *Heck* as a prerequisite for this case to proceed."). A plaintiff in such instances must establish that his conviction and/or resulting sentence has been overturned or expunged. If a plaintiff's conviction and sentence are a valid sentence and conviction within the meaning of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996), that plaintiff's civil claim arising from the same factual elements constitutes an impermissible collateral attack on the valid criminal proceedings and sentence, and is barred.

Under any alleged theory, the maintenance of Plaintiff's instant Fourteenth Amendment claim would necessarily undermine the conviction and sentence of Plaintiff. To avoid inconsistency with his conviction and sentence, it was incumbent upon Plaintiff to argue or urge before the Circuit Court of Rankin County that he did not know or understand the legal ramifications of entering a guilty plea or the criminal conduct upon which the guilty plea was entered. Marcoon did not do so in defense to the criminal charges against him and is not allowed to do so now in the context of a § 1983 claim for damages. Accordingly, his remaining claim against Rutland is barred by *Heck*, and should be dismissed with prejudice.

III.  **CONCLUSION**

In consideration of the foregoing arguments and authorities, Lt. James Rutland respectfully requests that this Court grant his Motion for Summary Judgment, and dismiss any and all claims against him in this civil litigation with prejudice.

**RESPECTFULLY SUBMITTED,** this 27th day of July, 2017.

LT. JAMES RUTLAND – Defendant

BY:     _/s/ Jason E. Dare_____
**JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
Pettis, Barfield & Hester, P.A.
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:    (601) 987-5300
Facsimile:     (601) 987-5353

## CERTIFICATE OF SERVICE

I, Jason E. Dare, hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to the following:

Jacob O. Malatesta, Esq. (jmalatesta@hatlawfirm.com)
HAGWOOD ADELMAN TIPTON, PC - Jackson
P. O. Box 14188
Jackson, Mississippi  39236-4188

Additionally, I have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Walter Don Marcoon, # 02425
845 W. Amite Street
Jackson, Mississippi  39203

**THIS,** the 27th day of July, 2017.

_/s/ Jason E. Dare_____
**JASON E. DARE**